**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LORME KELLY DAVIS, | : | |
| | : | Civil Action No. 12-7830(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN R. HOLLINGSWORTH, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Lorme Kelly Davis
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner pro se

**HILLMAN**, District Judge

    Petitioner Lorme Kelly Davis, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging his imprisonment pursuant to a

---

[1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
    Supreme Court, any justice thereof, the district

federal sentence imposed in the United States District Court for the Southern District of Florida.[2]  See U.S. v. Davis, Crim. No. 05-10018 (S.D. Fla.)[3]  The sole respondent is Warden Jordan R. Hollingsworth.

For the following reasons, this Court finds that it lacks jurisdiction over this Petition and will transfer it to the U.S. District Court for the Southern District of Florida.

I.  BACKGROUND

Petitioner asserts that in May 2005, he was seized by the U.S. Coast Guard "in foreign waters," after which he was prosecuted under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. App. § 1901 et seq.[4]  (Docket Entry No. 1, Memorandum, at 3.)  In connection with his guilty plea in that

---

courts and any circuit judge within their respective jurisdictions. ...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] This matter previously was administratively terminated for failure to prepay the filing fee or to submit an application for leave to proceed in forma pauperis.  Petitioner has since paid the filing fee.  Accordingly, this matter will be re-opened.

[3] This Court will take judicial notice of the Docket in Petitioner's criminal proceeding.  See Arroyo v. Hollingsworth, Civil No. 12-7889, 2013 WL 5816917, *1 n.2 (D.N.J. Oct. 29, 2013).

[4] The Maritime Drug Law Enforcement Act is now codified at 46 U.S.C. §§ 70501-70507.  See Act of Oct. 6, 2006, Pub.L. No. 109-304, § 10(2), 120 Stat. 1485, 1658-89.

prosecution, Petitioner made a factual proffer in which he admitted the following: that on May 20, 2005, he was aboard a "go-fast" vessel "dead in the water" approximately 180 nautical miles northwest of Colombia near the Serrana Bank in the Caribbean Sea; that a boarding team from the U.S. Coast Guard Cutter GALLITAN requested and was granted a Statement of No Objection for Right of Visitation Boarding; that he claimed Colombian citizenship at the time the "go-fast" vessel was boarded; that the individuals aboard the "go-fast" vessel did not claim any nationality for the vessel nor did the vessel display any visible name, homeport, or flag; that the U.S. Coast Guard boarding team recovered 60 bales (each bale containing 25 individually-wrapped packages) testing positive for cocaine and weighing a total of 3909.11 pounds; and that on May 27, 2005, the U.S. Coast Guard Cutter HARRIETT LANE transported him to Key West, Florida, in the Southern District of Florida, the point of entry where he entered the United States.  See U.S. v. Davis, Crim. No. 05-10018 (S.D. Fla) (Docket Entry No. 38, Factual Proffer).

    Pursuant to his guilty plea, Petitioner was convicted in the U.S. District Court for the Southern District of Florida of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation

3

of 46 U.S.C. App. § 1903(j), and was sentenced to a term of imprisonment of 135 months, to be followed by a three-year term of supervised release.  See U.S. v. Davis, Crim. No. 05-10018 (S.D. Fla) (Docket Entries No. 37, Plea Agreement; No. 73, Judgment).  On direct appeal, the Court of Appeals for the Eleventh Circuit affirmed the conviction but vacated the sentence, pursuant to U.S. v. Booker, 543 U.S. 220 (2005), and remanded for resentencing.  See U.S. v. Davis, No. 06-11368 (11th Cir.).  On November 8, 2007, Petitioner was re-sentenced to the same sentence of 135 months' imprisonment to be followed by a three-year term of supervised release.  See U.S. v. Davis, Crim. No. 05-10018 (S.D. Fla.) (Docket Entry No. 102, Amended Judgment).  On June 3, 2008, the Eleventh Circuit affirmed the Amended Judgment.  See U.S. v. Davis, No. 07-15291 (11th Cir.).[5] The Docket of proceedings in the Southern District of Florida does not reflect that Petitioner ever filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

---

[5] In the Petition, Petitioner asserts that he then petitioned the U.S. Supreme Court for a writ of certiorari.  Any such proceedings before the Supreme Court are not reflected on the criminal docket.  In addition, this Court has searched the Supreme Court Docket and Westlaw and has not found any record of a petition for writ of certiorari or denial of such a petition.  Accordingly, this Court cannot determine based on the information before it when Petitioner's criminal conviction became final by the conclusion of direct review.

Here, Petitioner has filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting two grounds for relief: (1) that, based on new case law out of the Court of Appeals for the Eleventh Circuit, the United States had no jurisdiction to arrest him, and (2) that he is illegally incarcerated because the trial court had no jurisdiction to impose sentence.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  See also Higgs v. Attorney General of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established." (citing Estelle and Haines)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d

5

Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Denny v. Schultz, 708 F.3d 140, 148 n.3 (3d Cir. 2013). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.) (citations omitted), cert. denied, 510 U.S. 946 (1993). See also Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986). Here, for the reasons set forth below, this Court finds that it lacks jurisdiction to entertain this § 2241 Petition.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997)

6

(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the court which imposed the sentence. See 28 U.S.C. § 2255. In addition, a one-year limitations period applies to § 2255 motions. See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which permits filing in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in

7

Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception. A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over this Petition if, and only if, Petitioner

8

demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003).

Here, Petitioner argues that, under the recent Eleventh Circuit case United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the conduct for which he was convicted is no longer considered to be a crime and he cannot now raise this issue in a § 2255 motion. In Bellaizac-Hurtado, a case decided on direct appeal of a criminal conviction, the Eleventh Circuit addressed "the scope of congressional power to proscribe conduct abroad," or, more specifically, "whether the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a), 70506, exceeds the power of Congress to 'define and punish ... Offences against the Law of Nations,' U.S. Const. Art. I, § 8, cl. 10, as applied to the drug trafficking activities [of the defendants]." 700 F.3d at 1247. There, during a routine patrol of sovereign Panamanian waters, the United States Coast Guard observed a wooden fishing vessel operating without lights and without a flag. The U.S. Coast Guard informed Panamanian authorities, who pursued the vessel until its occupants abandoned it and fled on land.

9

Panamanian authorities searched the vessel, determined that it contained 760 kilograms of cocaine, and later apprehended the former occupants of the vessel on Panamanian land.  After an exchange of diplomatic notes, the government of Panama consented to the prosecution of the four suspects in the United States.

The Eleventh Circuit held that the Maritime Drug Law Enforcement Act, as applied to the defendants there, was not a constitutional exercise of Congress's power "[t]o define and punish ... Offenses against the Law of Nations" under Article I, Section 8, clause 10 of the U.S. Constitution.  That is, the Eleventh Circuit found that drug trafficking is not a crime under customary international law and, thus, is not subject to prosecution in the U.S. under the Offenses Clause for conduct that occurs in the territorial waters of another nation.  The Eleventh Circuit explicitly distinguished and reaffirmed, however, its numerous precedents upholding the authority of Congress to prosecute drug trafficking activities conducted in <u>international</u> waters, under the Piracies and Felonies Clause, which empowers Congress "[t]o define and punish Piracies and Felonies committed on the high Seas," <u>see</u> Article I, Section 8, clause 10 of U.S. Constitution.  <u>See</u> <u>Bellaizac-Hurtado</u>, 700 F.3d at 1257 (collecting cases).

Petitioner's argument requires this Court to consider, in the first instance, whether the conduct for which Petitioner was

10

convicted occurred in the territorial waters of another nation or in international waters, as this single fact determines the applicability of Bellaizac-Hurtado to Petitioner's conviction. Petitioner does not describe the circumstances of his arrest in the Petition and several supporting memoranda, except to state that he was arrested "in foreign waters." (Docket Entry No. 1, Memorandum, at 3.)  In his Factual Proffer in connection with his guilty plea, Petitioner stated that he was arrested approximately 180 nautical miles northwest of Colombia in the Caribbean Sea.

The United States recognizes a territorial sea of 12 nautical miles. See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); Presidential Proclamation No. 5928, 1988 WL 1099307 (Dec. 27, 1988). See also United States v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003) ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.") (citations omitted).  The United Nations Convention on the Law of the Sea also recognizes a territorial sea of 12 nautical miles.  See United Nations Convention on the Law of the Sea, 1833 U.N.T.S. Art. 3 (entered into force on November 16, 1994) ("Every State has the right to

11

establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention."). Petitioner has failed to allege facts suggesting that his conduct is rendered non-criminal by the Eleventh Circuit's Bellaizac-Hurtado decision. He has failed to allege facts suggesting that he was arrested in the sovereign waters of Colombia or any other nation; to the contrary, he admitted in his criminal proceeding that he was arrested 180 nautical miles from the coast of Colombia. Accordingly, Petitioner has failed to bring his claims within the Dorsainvil exception and this Court lacks jurisdiction over the § 2241 Petition.

However, rather than dismiss the petition outright, because Petitioner has never sought to collaterally attack his judgment pursuant to § 2255, and in the interest of justice, the Court will transfer this matter to the United States District Court for the Southern District of Florida, to be considered by that Court. See 28 U.S.C. § 1631 (whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"). See also Arroyo v. Hollingsworth, Civil No. 12-7889, 2013 WL 5816917, *3 (D.N.J. Oct. 29, 2013).

IV. CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction over the petition and will order its transfer to the District Court for the Southern District of Florida.

An appropriate order follows.


At Camden, New Jersey              s/Noel L. Hillman
                                   Noel L. Hillman
                                   United States District Judge

Dated:  March 5, 2014